IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

MO-KAN IRON WORKERS PENSION FUND, )
a Trust Fund, )
 )
    and )
 )
DAVE COLEMAN and DONALD E. GREENWELL, III, )
TRUSTEES OF THE MO-KAN IRON WORKERS )
PENSION FUND, )
 )
    and )
 )
MO-KAN IRON WORKERS WELFARE FUND, )
a Trust Fund, )
 )
    and )
 )
DAVE COLEMAN and DONALD E. GREENWELL, III, )
TRUSTEES OF THE MO-KAN IRON WORKERS )
WELFARE FUND, )
 )
    and ) **No.**
 )
MO-KAN IRON WORKERS APPRENTICESHIP, )
TRAINING AND EDUCATION FUND, )
a Trust Fund, )
 )
    and )
 )
DAVE COLEMAN and DONALD E. GREENWELL, III, )
TRUSTEES OF THE MO-KAN IRON WORKERS )
APPRENTICESHIP, TRAINING AND )
EDUCATION FUND, )
 )
                                      Plaintiffs, )
    v. )
 )
**EWELL CONSTRUCTION, INC.** )
[SERVE:    Gale W. Ewell )
             Registered Agent )
             5324 SW 53rd )
             Topeka, KS  66610] )
 )
                                      Defendant. )

{00328340;IW17-205;DJP }

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Mo-Kan Iron Workers Pension Fund, a Trust Fund, and Dave Coleman and Donald E. Greenwell, III, duly appointed and acting Trustees of the Mo-Kan Iron Workers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Mo-Kan Iron Workers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2. Plaintiffs, Dave Coleman and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Mo-Kan Iron Workers Pension Fund; Plaintiff, Mo-Kan Iron Workers Pension Fund (hereinafter referred to as "Plaintiff Pension Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Pension Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3. Said Plaintiff Pension Fund was established on July 1, 1970, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Pension Fund was amended and revised effective January 1, 1976.

4. The Trustees of the Pension Fund have established both a Pension Plan and an Annuity Plan pursuant to the Trust Agreement.

{00328340;IW17-205;DJP }

5. The situs of the Plaintiff Fund is the City of Kansas City, Missouri.

6. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

7. Defendant is a Kansas corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Iron Workers performing work covered by the collective bargaining agreements herein mentioned.

8. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

9. Defendant, at all times material herein, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Association and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

10. Iron Worker employees of the Defendant were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Pension Fund various sums per hour for each employee covered by and subject to said agreements from **April 26, 1989,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts

{00328340;IW17-205;DJP }

contributed for each such employee of Defendant.

11.     Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **April 1, 2017,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **April 1, 2017**, to date.

12.     That the Defendant is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

13.     Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Pension Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Pension Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Pension Fund have been faithfully performed.

14.     An audit of Defendant's books and records for the period **January 1, 2015 through March 31, 2017**, shows that Defendant owes Plaintiffs **EIGHTY-SEVEN THOUSAND, ONE HUNDRED SEVENTY AND 49/100 ($87,170.49) DOLLARS** in unpaid fringe benefit contributions, **THIRTEEN THOUSAND, SEVEN HUNDRED SEVENTY-SIX AND 36/100 ($13,776.36) DOLLARS** as and for liquidated damages and **TWO THOUSAND, FOUR HUNDRED SEVENTY-SIX AND 66/100 ($2,476.66) DOLLARS** as and for interest.

15.     An audit of Defendant's books and records for the period **January 1, 2015 through March 31, 2017** shows that Defendant owes Plaintiffs **SEVENTY-FIVE THOUSAND, FIVE**

{00328340;IW17-205;DJP }

HUNDRED SIXTY-FOUR AND 33/100 ($75,564.33) DOLLARS in unpaid Annuity Plan contributions, TWELVE THOUSAND, TWENTY-SIX AND 47/100 ($12,026.47) DOLLARS as and for liquidated damages and TWO THOUSAND, ONE HUNDRED FIFTY-EIGHT AND 71/100 ($2,158.71) DOLLARS as and for interest for the Annuity Plan contributions.

16. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Pension Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

17. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Pension Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

18. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

19. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Pension Fund to enforce said Defendant's obligations under Section 515 of ERISA.

20. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated

{00328340;IW17-205;DJP }

damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2017,** to date; and

B. For judgment against Defendant in the amount of **EIGHTY-SEVEN THOUSAND, ONE HUNDRED SEVENTY AND 49/100 ($87,170.49) DOLLARS** in unpaid fringe benefit contributions, **THIRTEEN THOUSAND, SEVEN HUNDRED SEVENTY-SIX AND 36/100 ($13,776.36) DOLLARS** as and for liquidated damages and **TWO THOUSAND, FOUR HUNDRED SEVENTY-SIX AND 66/100 ($2,476.66) DOLLARS** for interest due and owing for the period **January 1, 2015 through March 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **April 1, 2017,** to date; and

C. For judgment against Defendant in the amount of **SEVENTY-FIVE THOUSAND, FIVE HUNDRED SIXTY-FOUR AND 33/100 ($75,564.33) DOLLARS** in unpaid Annuity Plan contributions, **TWELVE THOUSAND, TWENTY-SIX AND 47/100 ($12,026.47) DOLLARS** as and for liquidated damages and **TWO THOUSAND, ONE HUNDRED FIFTY-EIGHT AND 71/100 ($2,158.71) DOLLARS** for interest due and owing for the period **January 1, 2015 through March 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **April 1, 2017,** to date; and

D. For judgment against Defendant for liquidated damages; and

E. For judgment against Defendant for interest on the unpaid fringe benefit contributions and Annuity Plan contributions; and

{00328340;IW17-205;DJP }

6

F. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

G. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

H. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

I. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

J. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of Pension Fund and Annuity Plan contributions to the Plaintiffs; and

K. For judgment against Defendant for costs incurred in this action; and

L. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Mo-Kan Iron Workers Welfare Fund, a Trust Fund, and Dave Coleman and Donald E. Greenwell, III, duly appointed and acting Trustees of the Mo-Kan Iron Workers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Mo-Kan Iron Workers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Dave Coleman and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Mo-Kan Iron Workers Welfare

{00328340;IW17-205;DJP }

7

Fund; Plaintiff, Mo-Kan Iron Workers Welfare Fund (hereinafter referred to as "Plaintiff Welfare Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Welfare Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Welfare Fund was established on July 1, 1970, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Welfare Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2015 through March 31, 2017** shows that Defendant owes Plaintiffs **SEVENTY-EIGHT THOUSAND, NINETY-FIVE AND 54/100 ($78,095.54) DOLLARS** in unpaid Welfare Fund contributions, **TWELVE THOUSAND, THREE HUNDRED FORTY-FOUR AND 25/100 ($12,344.25) DOLLARS** as and for liquidated damages and **TWO THOUSAND, TWO HUNDRED TWENTY AND 94/100 ($2,220.94) Dollars** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Sixteen (16), Seventeen (17), Eighteen (18), Nineteen (19) and Twenty (20) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2017,** to date; and

B. For judgment against Defendant in the amount of **SEVENTY-EIGHT THOUSAND, NINETY-FIVE AND 54/100 ($78,095.54) DOLLARS** in unpaid Welfare Fund contributions, **TWELVE**

{00328340;IW17-205;DJP }

**THOUSAND, THREE HUNDRED FORTY-FOUR AND 25/100 ($12,344.25) DOLLARS** as and for liquidated damages and **TWO THOUSAND, TWO HUNDRED TWENTY AND 94/100 ($2,220.94) Dollars** for interest due and owing for the period **January 1, 2015 through March 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **April 1, 2017,** to date; and

      C.      For judgment against Defendant for liquidated damages; and

      D.      For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

      E.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

      F.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

      G.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

      H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

      I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

      J.      For judgment against Defendant for costs incurred in this action; and

      K.      For such other relief as the Court may deem appropriate.

{00328340;IW17-205;DJP }

## COUNT III

Come now Plaintiffs, Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, a Trust Fund, and Dave Coleman and Donald E. Greenwell, III, duly appointed and acting Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Dave Coleman and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund; Plaintiff Mo-Kan Iron Workers Apprenticeship, Training and Education Fund (hereinafter referred to as "Plaintiff Training Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Training Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Training Fund was established on January 1, 1970, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Training Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2015 through March 31, 2017** shows that Defendant owes Plaintiffs **SIX THOUSAND, FOUR HUNDRED NINETY-NINE AND 53/100 ($6,499.53) DOLLARS** in unpaid Training Fund contributions, **ONE THOUSAND, TWENTY-EIGHT AND 50/100 ($1,028.50) DOLLARS** as and for liquidated damages and

{00328340;IW17-205;DJP }

**ONE HUNDRED EIGHTY-FIVE AND 90/100 ($185.90) Dollars** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Sixteen (16), Seventeen (17), Eighteen (18), Nineteen (19) and Twenty (20) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **April 1, 2017,** to date; and

B. For judgment against Defendant in the amount of **SIX THOUSAND, FOUR HUNDRED NINETY-NINE AND 53/100 ($6,499.53) DOLLARS** in unpaid Training Fund contributions, **ONE THOUSAND, TWENTY-EIGHT AND 50/100 ($1,028.50) DOLLARS** as and for liquidated damages and **ONE HUNDRED EIGHTY-FIVE AND 90/100 ($185.90) Dollars** for interest due and owing for the period **January 1, 2015 through March 31, 2017**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **April 1, 2017,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work

{00328340;IW17-205;DJP }

11

Case 4:17-cv-00891-RK   Document 1   Filed 10/20/17   Page 11 of 16

and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, and, for their cause of action under Count IV against Defendant, state and allege:

1.  Plaintiffs Mo-Kan Iron Workers Pension Fund, Mo-Kan Iron Workers Welfare Fund and Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Dave Coleman and Donald E. Greenwell, III (hereinafter referred to as "Plaintiff Trustees") are the duly appointed and acting Trustees of the Mo-Kan Iron Workers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Mo-Kan Iron Workers Pension Fund; that Plaintiffs Dave Coleman and Donald E. Greenwell, III (hereinafter referred to as "Plaintiff Trustees"), are the duly appointed and acting Trustees of the Mo-Kan Iron Workers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund

{00328340;IW17-205;DJP }

and the Trustees of the Mo-Kan Iron Workers Welfare Fund; Plaintiffs Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, (hereinafter referred to as "Plaintiff Funds") are Section 302 (29 U.S.C. §186) trust funds and employee benefit plans as defined in 29 U.S.C. §1001, et seq., with their situs in Jackson County, Missouri; that Plaintiffs Dave Coleman and Donald E. Greenwell, III (hereinafter referred to as "Plaintiff Trustees") are the duly appointed and acting Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund and that this action arises under Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185.

2.  Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs Seven (7), Eight (8), Ten (10), Eleven (11), Twelve (12) and Thirteen (13) of Count I of the within Complaint.

3.  Plaintiff Mo-Kan Iron Workers Pension Fund was established on July 1, 1970, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4.  Plaintiff Mo-Kan Iron Workers Welfare Fund was established on July 1, 1970, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as

{00328340;IW17-205;DJP }

13

"Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

5. Plaintiff Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, was established on July 1, 1970, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

6. The iron worker employees of Defendant were employed under the terms of said collective bargaining agreement under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each employee covered by and subject to said agreements; and during said period to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month along with payments of such sums; Defendant has failed and refused to timely submit remittance reports and correct contributions to Plaintiff Funds in accordance with the terms of said collective bargaining agreements and the Plaintiff Funds' Trust Agreements and Amended Trust Agreements for the months of **JANUARY THROUGH APRIL 2015; SEPTEMBER THROUGH DECEMBER 2015; JANUARY THROUGH MAY 2016; NOVEMBER, DECEMBER 2016; AND JANUARY 2017.**

7. The collective bargaining agreements and Trust Agreements herein mentioned provide that, if payment of sums due said Funds therein mentioned are made later than the time required, the Boards of Trustees may impose on the employer liquidated damages, interest, reasonable attorneys' fees and Court costs incurred to enforce timely payments from Defendant employer.

8. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiff Funds pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreements as amended, and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Funds to enforce said Defendant's obligations under the applicable collective bargaining agreements and trust agreements. Plaintiff Funds are entitled to liquidated damages and interest as provided for in the aforesaid Trust Agreement as amended, and applicable collective bargaining agreements, such other legal or equitable relief as the Court deems appropriate in the circumstances, reasonable attorneys' fees, and their costs of this action.

9. The assessment of liquidated damages and interest against the employer Defendant for the late payment of fringe benefit contributions to the Plaintiff Funds for the months of **JANUARY THROUGH APRIL 2015; SEPTEMBER THROUGH DECEMBER 2015; JANUARY THROUGH MAY 2016; NOVEMBER, DECEMBER 2016; AND JANUARY 2017,** totals **THIRTY-NINE THOUSAND, NINE HUNDRED FORTY-FIVE AND 20/100 ($39,945.20) DOLLARS**.

10. Demand has been made by Plaintiff Funds for payment of the liquidated damages and interest and Defendant has failed to tender payment of said amounts.

WHEREFORE, Plaintiffs pray judgment against the Defendant in the amount of **THIRTY-NINE THOUSAND, NINE HUNDRED FORTY-FIVE AND 20/100 ($39,945.20) DOLLARS** as and for liquidated damages and interest for the months of **JANUARY THROUGH APRIL 2015; SEPTEMBER THROUGH DECEMBER 2015; JANUARY THROUGH MAY 2016; NOVEMBER, DECEMBER 2016; AND JANUARY 2017**; reasonable attorneys' fees; such other legal or equitable relief as the Court deems appropriate in the circumstances; and for interest and their costs herein incurred and expended.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Bradley J. Sollars*
Bradley J. Sollars, No. 54931

*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
FAX: 816-471-5574
*Attorneys for Plaintiffs*

{00328340;IW17-205;DJP }

16